*E & T Skyline Construction, LLC v. Talisman Casualty Insurance Company, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOHN M. WALKER, JR.,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

_____

E & T SKYLINE CONSTRUCTION, LLC,

> *Plaintiff-Appellant*,

> v.                                                                          24-369

TALISMAN CASUALTY INSURANCE COMPANY, LLC,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:                   BRET L. MCCABE (Joseph P. Asselta, *on the brief*), Forchelli Deegan Terrana LLP, Uniondale, NY.


For Defendant-Appellee:                  MICHAEL F. KUZOW (Michael F. McGowan, *on the brief*), Westermann Sheehy Samaan & Gillespie, LLP, East Meadow, NY.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiff-Appellant E & T Skyline Construction, LLC ("E&T"), a general contractor responsible for the construction of a luxury condominium in Manhattan, entered into a subcontract (the "Subcontract") with NY Renaissance Corp. ("NYR"). Under the Subcontract, NYR was responsible for delivering and installing custom windows for the condominium construction project. To cover its losses in case NYR failed to perform, E&T obtained a performance bond of $1.85 million from Defendant-Appellee Talisman Casualty Insurance Company, LLC ("Talisman"). E&T subsequently terminated NYR for failing to perform and demanded Talisman pay the bond. Talisman refused on the grounds that E&T had failed to fulfill its own obligations under the Subcontract, which was a precondition of Talisman's payment. E&T sued and, after a four-day bench trial, judgment was entered in favor of Talisman on November 6, 2023. E&T appeals from this judgment as well as the district court's order denying E&T's motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure entered on January 11, 2024.

On appeal, E&T argues that the district court was wrong to conclude that the terms of a March 8, 2019 revised schedule formed part of the Subcontract. E&T also contends

2

that the district court erred in concluding that it breached its agreement with NYR regardless of whether the terms of the March 8 revised schedule were enforceable. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to **AFFIRM**.

## I.     Forfeiture

On March 8, 2019, NYR sent a letter (the "March 8 Letter") to E&T that proposed a revised schedule for the delivery and installation of the custom windows. NYR conditioned its ability to meet the revised schedule on, *inter alia*, E&T "providing the upper floors of the site available for installation (free of current debris and protrusions into the window openings)" and "compel[ling] its contractors to remove debris from the upper floors and otherwise make installation possible including by removing the protrusions currently in place." Joint App'x 935-36. In its Findings of Fact and Conclusions of Law, dated November 6, 2023, the district court concluded that there was "no dispute that the terms of the March 8, 2019 revised schedule form part of the subcontract." Special App'x 16. E&T thereafter moved to alter or amend the judgment pursuant to Rule 59(e), arguing for the first time that because the Subcontract required modifications be made via a signed writing, the fact that the March 8 Letter was unsigned meant its terms were not an enforceable part of the parties' agreement. The district court denied the motion, declining to consider E&T's argument because it was one that E&T "could have raised in its post-trial proposed findings of fact and conclusions of law but

3

did not." Special App'x 32 (internal quotation marks and citation omitted). We agree with the district court that E&T could have raised the issue of whether the March 8 Letter was part of the Subcontract earlier and has therefore forfeited this argument.

We "[g]enerally . . . will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 53 (2d Cir. 2012) (internal quotation marks and citation omitted). Although we retain "broad discretion to consider issues not timely raised below," *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003) (internal quotation marks omitted), "the circumstances normally do not militate in favor of an exercise of discretion . . . where those arguments were available to the parties below and they proffer no reason for their failure to [timely] raise the arguments below," *Doe v. Trump Corp.*, 6 F.4th 400, 410 (2d Cir. 2021) (citation and alterations omitted). We are more likely to exercise "this discretion where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (internal quotation marks and citation omitted).

E&T contends that it had no obligation to argue that the March 8 Letter was not part of the Subcontract because Talisman never affirmatively characterized the letter's terms as part of the agreement. But it is hardly surprising that Talisman did not feel it necessary to make that argument, because E&T repeatedly treated the March 8 Letter as

4

binding on the parties. For example, E&T sent two default notices that both alleged that NYR was materially breaching the Subcontract for "failing to meet the deadline in NYR's recovery schedule dated March 8, 2019." Joint App'x 1044, 1106. In arguing for summary judgment, E&T acknowledged that the parties had "accepted" the March 8 Letter which thus "became a binding schedule under the Subcontract" and that NYR's "undisputed failure" to meet the revised schedule "is a proper ground for termination." Pl.'s Mem. of L. in Support of Mot. for Sum. J., *E & T Skyline Constr., LLC v. Talisman Cas. Ins. Co., LLC*, No. 19CV08069(AT) (S.D.N.Y. April 1, 2021), ECF 98 at 14. At trial, E&T's president testified that E&T "accepted [the March 8 Letter] because it was the best scenario at that particular time." Joint App'x 382. In its proposed findings of fact and conclusions of law, E&T argued that the district court should conclude that the March 8 Letter was a binding schedule that NYR failed to meet. And E&T did not object to Talisman's proposed finding of fact that the recovery schedule in the March 8 Letter was conditional on the requirements identified therein, including that the upper floors be clear of debris and other impediments to delivery and installation.

At a minimum, this record supports the district court's conclusion that E&T could have raised its argument that the terms of the March 8 Letter were not part of the Subcontract before its Rule 59(e) motion. We decline to consider this argument on appeal and deem it forfeited. *See United States v. Braunig*, 553 F.2d 777, 780 (2d Cir. 1977) ("[W]here a party has shifted his position on appeal and advances arguments available

5

but not pressed below, and where that party has had ample opportunity to make the point in the trial court in a timely manner, [forfeiture] will bar raising the issue on appeal." (citations omitted)).

## II.     E&T's Default

E&T next argues that even if the terms of the March 8 Letter were part of the parties' agreement, the district court still erred in concluding that E&T breached the Subcontract.   E&T contends that the district court failed to distinguish between NYR's obligation to *deliver* the windows and its obligation to *install* the windows.   According to E&T, because its failure to comply with the terms of the March 8 Letter did not impede NYR's delivery of the windows—the issue for which E&T claims to have terminated NYR—E&T did not default on the Subcontract.   We again disagree.

Assuming *arguendo* that the distinction between impeding delivery and impeding installation is relevant, the district court determined—based on the entire trial record, including the demeanor and relative credibility of the witnesses—that delivery was impossible "because the Project site could not accommodate the windows."   Special App'x 15 (finding credible witness testimony that by the time NYR was terminated "it was absolutely impossible to deliver any windows to that project site").   We review this finding of fact following a bench trial for clear error.   *Citibank, N.A. v. Brigade Cap. Mgmt., LP*, 49 F.4th 42, 58 (2d Cir. 2022).   Under the clear error standard, we are required to accept the district court's factual findings unless "we are 'left with the definite and firm

6

conviction that a mistake has been [made].'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 119 (2d Cir. 2021) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[I]f the district court's account of the evidence is plausible in light of the record viewed in its entirety," we "may not reverse it." *Siemens Energy, Inc. v. Petroleos de Venezuela, S.A.*, 82 F.4th 144, 153 (2d Cir. 2023) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573-74 (1985)).

Reviewing the record in its entirety, we cannot say that the district court's conclusion that E&T's failure to remove obstructions from the construction site prevented delivery of the windows was clearly erroneous. We therefore agree with the district court that E&T's failure to clear impediments to the delivery and installation of the windows constituted a breach of the Subcontract. And because E&T's lack of default under the Subcontract was a condition precedent to Talisman's obligations under the bond agreement, the district court did not err in holding that Talisman is not liable.

\*      \*      \*

We have considered E&T's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment and order of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7